RICHARD KINKEAD *vs.* RICHARD T. KEENE.

PROVIDENCE—JANUARY 11, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *New Trials.   Concurrent Jurisdiction of Common Pleas and Appellate Divisions.   Accident and Mistake.*

For the period of six months after the entry of judgment by default the jurisdiction of the Common Pleas Division, under Gen. Laws R. I. cap. 246, § 2, and of the Appellate Division, under Gen. Laws R. I. cap. 251, § 2, to grant a trial on the ground of accident and mistake, is concurrent. The decision of a petition by either division in such a case is conclusive.

ASSUMPSIT.   Heard on petition of defendant for a trial. Heard, and petition dismissed.

STINESS, C. J.   The petitioner shows no ground for a new trial.   Assuming the alleged accident, mistake, or unforeseen cause as set forth in the petition, it appears from uncontradicted affidavits that the petitioner's attorney had notice of the default, and the record shows that a motion to take off the default was heard and denied in the Common Pleas Division, which had jurisdiction of the matter under Gen. Laws, cap. 246, § 2.

In Gen. Laws, cap. 251, § 2, providing for new trials for other grounds and for the period of a year after judgment,

the case of a default is also included.    Hence, for the first six months, both divisions have concurrent jurisdiction in cases of default.

Under previous statutes, *e. g.* Pub. Stat. cap. 221, § 9, the Court of Common Pleas had power "to grant a trial" in such case.    Although that is a different term, there is no difference in effect between that language and that of the present statute, which is " to set aside the same and re-instate the case."    This is granting a trial.

(1)    In *Curry* v. *Swett*, 13 R. I. 476, it was held that, jurisdiction being concurrent in such a case, the decision of a petition in either court was conclusive, because this court could have no more right to grant a trial after it had been refused by the Court of Common Pleas than the latter would have to grant a trial after it had been refused by this court.    The principle equally applies to the same provision as to the two divisions of this court.

We are, therefore, of opinion that the petition must be dismissed.

We may, however, add that in view of the undisputed evidence of the petitioner's acquiescence in the sale of his property, and the lack of apparent defence to the case on its merits, we should have reached the same conclusion upon other grounds.

*Hugh J. Carroll*, for plaintiff.

*Claude J. Farnsworth*, for defendant.